```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

ENCOMPASS ADVISORS, LTD.,       :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:09CV1949(DFM)
                                :
UNAPEN, INC. et al.             :
                                :
     Defendants.                :
```

RULING ON POST-TRIAL MOTIONS

Plaintiff brought this action alleging breach of a software licensing contract, fraud and unfair trade practices against defendants Unapen, Inc. and its officers David Gemma and Joan Walker. Unapen counterclaimed for breach of contract. After a four day bench trial, the court determined that plaintiff breached the contract (doc. #144) and awarded damages of $26,125 and contractual attorney's fees to Unapen (doc. #146). Pending before the court are defendants' Motion for Reconsideration (doc. #147), plaintiff's Motion to Amend/Correct Findings of Fact & Conclusions of Law (doc. #148) and plaintiff's Motion to Alter Judgment (doc. #150). For the reasons that follow, the Motion for Reconsideration and Motion to Amend/Correct are GRANTED in part, and the Motion to Alter Judgment is DENIED.

A.  Standard of Review

Plaintiff seeks amendment of the court's findings of fact and conclusions of law under Fed. R. Civ. P. 52(b).[1] In light of the proposed amendments, plaintiff moves pursuant to Rule 59(e) for entry of an amended judgment sustaining its CUTPA claim and reducing its liability for damages on the counterclaim.[2] Defendants seek reconsideration of the fee award under D. Conn. L. Civ. R. 7(c).[3] The standard of review is the same under each of these rules. See Taylor v. Housing Authority of New Haven, No. 3:08CV557(JBA), 2010 WL 2801895, at *1 (D. Conn. July 14, 2010) (standard of review under Rule 52(b) mirrors standard governing motions for reconsideration); Allstate Ins. Co. v. Passaro-Henry, 660 F. Supp. 2d 317, 325 (D. Conn. 2009) (courts consider motions under Rule 59(e) pursuant to same standard as that governing motions for reconsideration). "A Rule 52(b)

---

[1] Rule 52(b) provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

[2] Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

[3] Local Civil Rule 7(c)(1) provides: "Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

motion will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence." New England Health Care Employees Welfare Fund v. iCARE Management, LLC, 886 F. Supp. 2d 82, 92 (D. Conn. 2012) (citation and quotation marks omitted).  The standard for granting a motion for reconsideration or a Rule 59(e) motion to alter judgment "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

    B.  Plaintiff's Motions

        1.  Amended Finding of Fact

In his motions, plaintiff asks the court to amend several of its factual findings and to amend the judgment accordingly. First, plaintiff challenges the court's finding that

"[i]mplementation [of ClientLogix] was stalled because Unapen could not test the link between ClientLogix and PortfolioCenter until plaintiff completed the data conversion in the first week of June 2007." (Doc. #144 at 9.) Second, plaintiff challenges the court's finding that "[b]ecause the record does not include a Design Analysis, product instructions or user manuals, there is no evidence that ClientLogix functioned less well than the product plaintiff was supposed to have received." Third, plaintiff challenges the court's finding that a particular advertisement was not published until after the contract was executed.

Amendment of the first two challenged findings is not warranted because plaintiff has not identified any evidence that the court overlooked or clear error that might justify reconsideration. However, the third finding warrants amendment. One of the central disputes at trial concerned Unapen's ability to pull financial performance data from Schwab PortfolioCenter into ClientLogix, the client management program that Unapen sold to plaintiff. In the Memorandum of Decision, the court found:

> [I]n April 2007 at the latest, Unapen's website advertised that it could link ClientLogix with Schwab PortfolioCenter using "powerful and proven integration technology." (Pl.'s Ex. 10 at 2, [Ex.] 12.) At that time, no registered investment advisor was using ClientLogix version 3.6. (Doc. #134 at 140-41.) Plaintiff has not established that the advertisement was published prior to the contract, which precludes any finding that Green relied on it when he entered into the contract.

4

(Doc. #144 at 7 n.1.)  This finding was based on defendants' response to a request for admission, which was admitted into evidence at trial as Plaintiff's Exhibit 10.  The response stated that the website did not contain that advertisement until April 2007, three months after the contract was signed in January 2007.  Plaintiff now points to additional testimony elicited by counsel on cross examination of defendant Joan Walker.  (Doc. #134 at 139-40.)  Based on that testimony, the court finds that Unapen did represent in 2006, prior to the parties' contract, that ClientLogix could integrate with Schwab's portfolio accounting system using powerful and proven integration technology.

That amended finding does not alter the outcome of plaintiff's CUTPA claim.[4]  Plaintiff demonstrated that it was the

---

[4] The Connecticut Unfair Trade Practices Act ("CUTPA") provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  To determine whether an act or practice violates CUTPA, the state courts apply the three criteria of the "cigarette rule" developed by the Federal Trade Commission:

> (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].

5

first registered investment advisor to purchase version 3.6 of ClientLogix (doc. #134 at 140-41) but adduced no evidence regarding the existence or performance of prior versions of ClientLogix.  Lacking such evidence, the court is unable to conclude that defendants' 2006 description of "powerful and proven integration technology" was false or likely to mislead.  Additionally, although plaintiff was dissatisfied with several aspects of the ClientLogix product that he received, that program successfully integrated with PortfolioCenter between the months of January 2007 and October 2007.  (Def.'s Ex. 11 at 5, 24.)  In short, plaintiff has not proved that defendants engaged in "deceptive" acts or practices that satisfied the cigarette rule.  Alteration of the judgment is not warranted.

    2. Conclusion of Law

Plaintiff also argues that the court erred in awarding $26,125 in actual damages because Unapen sought a lesser amount in its pleadings.  The argument fails.  Rule 54(c) provides that

---

Cheshire Mortgage Serv., Inc. v. Montes, 223 Conn. 80, 105-06 (1992) (alterations in original) (quoting FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5 (1972)).  For purposes of CUTPA, an act or practice is "deceptive" if (1) defendants made a material representation, omission, or other practice likely to mislead consumers and (2) consumers interpreted the message reasonably under the circumstances, and (3) the misleading representation, omission, or practice was material — that is, likely to affect consumer decisions or conduct. Genworth Financial Wealth Management, Inc. v. McMullan, No. 3:09CV1521(JCH), 2012 WL 1078011, at *12 (D. Conn. Mar. 30, 2012) (citing Caldor, Inc. v. Heslin, 215 Conn. 590, 597 (1990)).

every final judgment other than a default judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See, e.g., GPIF-I Equity Co., Ltd. v. HDG Mansur Inv. Services, Inc., No. 1:13CV547(CM), 2014 WL 1612004, at *4 n.1 (S.D.N.Y. Apr. 21, 2014) (pursuant to Rule 54(c), plaintiff permitted to seek additional damages not mentioned in complaint but related to the allegations).

C. Defendants' Motion

Turning to the Local Rule 7(c) motion, defendants ask the court to clarify the basis of the award of contractual attorney's fees to Unapen. There are two provisions in the contract that pertain to attorney's fees. Paragraph 6.2, which concerns payment of invoices, provides in relevant part:

> CUSTOMER will reimburse UNAPEN for all reasonable costs incurred (including reasonable attorney's fees) in collecting past due amounts.

(Pl.'s Ex. 1 at 4.)  Paragraph 11.16 provides:

> The prevailing party in any legal action to enforce this Agreement shall be entitled to recover its court costs and reasonable attorney's fees.

(Id. at 8.)  Although the Memorandum of Decision omitted mention of the latter, the award of attorney's fees to Unapen was based on both provisions. Unapen is entitled to the reasonable attorney's fees incurred in collecting the amounts owing pursuant to ¶ 6.2 and is entitled to its court costs and

7

reasonable attorney's fees incurred in this legal action pursuant to ¶ 11.16.  Of course, to the extent that the provisions overlap, Unapen is not entitled to a double recovery.

    D.  <u>Conclusion</u>

    For the foregoing reasons, plaintiff's Motion to Amend/Correct Findings of Fact & Conclusions of Law (doc. #148) is GRANTED IN PART, and plaintiff's Motion to Alter Judgment (doc. #150) is DENIED.  Defendant's Motion for Reconsideration (doc. #147) is GRANTED.  The court will amend the judgment pursuant to Rule 60(a) to clarify the fee award.

    This is not a recommended ruling. The parties have consented to trial before a magistrate judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73. (Doc. #82.)

    SO ORDERED at Hartford, Connecticut this 19th day of May, 2014.

                                               _____/s/_____
                                                 Donna F. Martinez
                                                 United States Magistrate Judge